**FILED**
**May 07, 2026**
**12:19 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| **LLOYD JOHNSON,**<br>　　**Employee,**<br>**v.**<br>**LIFELINE TO SUCCESS,**<br>　　**Employer.** | **Docket No. 2025-80-5066**<br><br>**State File No. 860234-2025**<br><br>**Judge Shaterra R. Marion** |

## EXPEDITED HEARING ORDER DENYING BENEFITS

The Court held an expedited hearing on April 28, 2026, where Mr. Johnson sought payment of medical bills and temporary disability benefits. Lifeline to Success did not appear. For the reasons below, the Court holds that Mr. Johnson is not likely to show at a hearing on the merits that he is entitled to benefits.

### Claim History

Mr. Johnson was working when a coworker struck him in the head with a stick. He called the police, then went to the hospital and received stitches in his head. He stated he returned to work and could not get time off. A couple of days after his work injury, his boss "went to jail for fraud," so he has not had contact with her. He could not return to Lifeline because of his boss's fraud case. He later learned that Lifeline did not have workers' compensation insurance.

Along with his testimony, Mr. Johnson submitted health insurance claim summaries, which show that his share of the cost for his treatment totaled $0.00. He did not submit medical records or bills.

**Findings of Fact and Conclusions of Law**

Mr. Johnson must prove he would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

An employer must "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident." *Id.* § 50-6-204(a)(1)(A). An injury means "an injury by accident . . . arising out of and in the course and scope of employment that causes . . . the need for medical treatment." *Id.* § 50-6-102(12).

Mr. Johnson testified that he went to the hospital and received stitches. However, he did not submit any medical records or bills to show that the treatment and bills were reasonable or necessary. Further, Mr. Johnson's evidence showed his out-of-pocket costs totaled $0.

On his request for temporary total disability benefits, "[a]n injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Mr. Johnson did not show that he became disabled from working, and even if he did, he did not establish the duration of disability. He testified he returned to work and could not get time off. He also stated he stopped working due to his boss's arrest, not his injury. He gave no testimony on whether and for how long his injury prevented him from working.

Mr. Johnson is thus not likely to show at a hearing on the merits that he is entitled to payment of medical bills or temporary total disability benefits.

Further, had Mr. Johnson shown his entitlement to medical bills and temporary total disability benefits, he must still prove his eligibility to receive assistance from the Uninsured Employers Fund. These requirements include proof that:

- Lifeline failed to carry workers' compensation insurance;
- He suffered a compensable injury
- He was a Tennessee resident on the date of injury, and,

- He notified the Bureau of his injury and his employer's inability to secure payment of compensation.

Tenn. Code Ann. § 50-6-801(d).

Mr. Johnson failed to show that he was a Tennessee resident on the date of his injury or present any evidence other than his testimony that Lifeline did not have workers' compensation insurance.

**IT IS, THEREFORE, ORDERED as follows:**

1. Mr. Johnson's request for benefits is denied at this time.

2. The Court sets a status conference for **June 29, 2026, at 11:00a.m. Central Time.** The parties must call (866) 943-0014 to participate. Failure to call may result in a determination of the issues without the party's participation

**ENTERED May 7, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**


**APPENDIX**

Exhibits:
1) Medical Claim Summaries submitted by Mr. Johnson
2) Affidavit of Mr. Johnson

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 7, 2026.

| Name | Regular Mail | Email | Service sent to: |
|---|---|---|---|
| Lloyd Johnson, Employee | X | X | ██████████████ |
| Vinessa Brown, Employer Representative | X | X | 1647 Dellwood Ave. Memphis, TN 38127 vbrown@lifeline2success.org |
| La Shawn Pender, UEF Program Coordinator | | X | lashawn.pender@tn.gov |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*